THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARMELO PEDROZA MURIEL, Defendant and Appellant.

No. CR-69-49.     Decided November 3, 1969.

E. *Armstrong Watlington* for appellant. *J. F. Rodríguez Rivera, Acting Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellant was convicted by a jury of a violation of § 29 of the Narcotics Act of Puerto Rico. Having been punished to serve an indeterminate sentence of from 8 to 15 years in the penitentiary, he filed the present appeal assigning as errors (1) that "he was deprived of the due process of law because part of the hearing of the case against him was held during his absence"; (2) the court erroneously instructed the jury as to the offense of the possession of narcotics, and (3) the

sentence imposed upon him constitutes a cruel and unusual punishment.

The first error was not committed. The court acted in conformance with the provisions of law in continuing the trial in the absence of defendant-appellant. Defendant and his counsel were present at the commencement of the trial on December 17, 1964. Evidence for the prosecution was presented. Then the court postponed the hearing of the case until Tuesday, December 27 of that year at 9:00 a.m. From the minutes of that day it appears that defendant-appellant was summoned in open court. When the session was resumed on the above-mentioned date and hour, appellant was not present in court, he had not appeared in court. His attorney stated that he had not seen him, nor did he have any news about him and that he did not have any explanation to offer to the court. In view thereof, the court ordered that appellant be immediately arrested for contempt and set a date for the hearing of this incident. The court continued to argue a motion submitted by Márquez, the other codefendant, concerning his mental condition to submit to trial, and the motion was granted. The hearing of the case against appellant was postponed until 2:00 p.m. of that same day. When the session was resumed the marshal in charge of executing the warrant of arrest against appellant informed the court that he had gone to appellant's residence and there his stepmother informed him that appellant had left in the morning to go to court. The judge inquired whether there was any communication in the marshal's office or in the office of the clerk of the court, he was answered in the negative. The court ordered that the hearing of the case be continued in the absence of defendant over the defense's objection on the ground that the evidence for the prosecution having been concluded they intended to use defendant as a witness for the defense. After the respective arguments were presented and the instructions

were given to the jury, the latter returned a verdict of guilty. The defendant was arrested on the following day.

Rule 243(a) of the Rules of Criminal Procedure [1] provides that in a prosecution for a felony the defendant must be personally present at the arraignment and at every stage of the trial, including the impanelling of the jury and the return of the verdict. or judgment, and the imposition of sentence, but it also provides that if the defendant does not return to the courtroom, during any stage of the trial, for the continuation of the same, the court after inquiring into the causes, may issue a bench warrant,. but in any case the voluntary absence of the defendant shall not prevent continuing the trial to and including the return of the verdict or the judgment in cases without jury.

What authorizes the court to continue the hearing of the case as far as the return of the verdict or judgment in a case of felony is the voluntary absence of defendant during the trial.

██ It is inferred from the record that the indications were that when the judge ordered the continuation of the trial in the absence of defendant, the latter's absence was voluntary, fact confirmed by defendant's subsequent behavior as we shall see hereinafter. Neither his counsel nor other officers of the court could give explanations of defendant's nonappearance in court. At that moment the continuation of the

---

[1] Said rule provides:

"Rule 243. Presence of Defendant

"(a) *Felonies.* In a prosecution for a felony the defendant must be personally present at the arraignment and at every stage of the trial, including the impanelling of the jury and the return of the verdict or judgment, and the imposition of sentence. If the defendant does not return to the courtroom, during any stage of the trial, for the continuation of the same, the court, after inquiring into the causes, may issue a bench warrant, but in any case the voluntary absence of the defendant shall not prevent continuing the trial to and including the return of the verdict or the judgment in cases without jury." 2 *Práctica Forense Puertorriqueña* 254 [Rules of Criminal Procedure, 34 L.P.R.A. App. II, Supp. p. 242.]

trial was not ordered, but it was postponed until 2:00 p.m. In the meantime the judge ordered his immediate arrest, arrest which could not be executed for the reasons previously set forth. Until then the judge did not have anything under consideration to regard that absence as involuntary. Assuming that such had been the case, the defendant had ample opportunities to allege it before the court, and he did not do so. The defendant was arrested the day after the trial was concluded with a verdict of guilty. He could have appeared requesting the court to set aside the verdict, if his absence had been involuntary and he could justify it, but he did not do it. The imposition of sentence was held on January 4, 1969. It does not appear from the record that defendant had alleged as an impediment to pronounce judgment the violation of his right to be present during all the stages of the trial because of his involuntary absence. Rule 188(d)(1) authorizes the court to grant a new trial when the defendant is not present at any stage of the trial, except when the absence is voluntary as provided in Rule 243. Even after this stage of the proceedings defendant could avail himself of the remedy provided in Rule 192.1 of the Rules of Criminal Procedure. He did not use it either. *Cf. People* v. *Ortiz,* 57 P.R.R. 457 (1940).

The voluntary absence of a defendant from the trial, after the same has been commenced, is equivalent to an implied waiver of his right to be present during all the stages of the trial. With certain strict limitations, that right can be waived, and said waiver does not violate the due process of law. Otherwise, the defendants would be free to obstruct the holding of trials once they have commenced, by hiding themselves or making it impossible for the court to localize them.

The second error was not committed either.

Several Internal-Revenue agents saw defendants Víctor Márquez García and Carmelo Pedroza Muriel behind an old house in Ward Vista Alegre, at the end of B Street in Bayamón. The defendants were there, according to the testi-

mony rendered by one of the agents, "preparing, pouring a white powder they took out from a paper, in a bottlecap. . . . They poured the white powder in the bottlecap, lighted a candle, placed it under the bottlecap; then and there .we rushed ourselves towards them. . . . They left the bottlecap, the candle, and they took flight." The judge ordered the elimination of the phrase "and they took flight." The agents identified the occupied material with the signature of one of them and then they delivered it to chemist Ramón Chinea Rivera, who analyzed the contents of the bottlecap and it was found to be heroin hydrochloride. The defendants were pursued and detained at that same moment.

Appellant challenges that part of the instruction where, according to his interpretation, the judge told the jury, upon defining the offense of possession of narcotic drugs, that the offense "could be committed if the drug was in the immediate presence of defendant." He argues that a certain degree of control of the narcotic is necessary to commit the offense. Actually that was not what the judge charged. In order to be convinced thereof, it suffices to read the entire instruction, which we copy below.

"According to the law, a person has under his possession one of the narcotic drugs when knowingly he has it under his control and dominion and in the same manner, that is, knowingly carries it on his person or is found in his immediate presence and custody or if it is not found in his immediate presence and custody or on his person, such possession is immediately attainable and exclusive of that person unless two or more persons have its joint possession, that is, that together and knowingly they have the exclusive control, possession, and dominion of such narcotic drug." (Tr. Ev. of stenographer Néstor Busher Cruz, 24.)

■ Regarding the third error, it suffices to say that the sentence imposed on appellant falls within the limits fixed by law and it does not constitute a cruel and unusual punishment as appellant alleges.

However, considering that appellant was not a pusher, it would be more adjusted to the facts and attendant circumstances to impose a sentence of from 5 to 10 years in the penitentiary. In that sense the judgment appealed from should be modified and thus modified it will be affirmed.

Mr. Justice Hernández Matos and Mr. Justice Santana Becerra did not participate herein.